UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS EVENCIO MENDOZA PACHECO,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. C26-2625-SKV

ORDER GRANTING IN PART
PETITION FOR WRIT OF HABEAS
CORPUS

Petitioner Luis Evencio Mendoza Pacheco is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking immediate release from custody or a second bond hearing pursuant to 8 U.S.C. § 1226. Dkt. 1 at 24–25. Petitioner, who is proceeding through counsel, asserts that he was denied due process at his prior bond hearing in violation of the Fifth Amendment to the United States Constitution because the Immigration Judge ("IJ") erroneously found Petitioner subject to 8 U.S.C. § 1225's mandatory detention regime, declined to find jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and declined to make findings in the alternative as to dangerousness or flight risk. *Id.* at 3, 7; Dkt. 1-1 at 71–72. Respondents filed a return to the petition, *see* Dkt. 6,

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

together with a supporting declaration and exhibits, *see* Dkts. 7-8.  For the following reasons, the Court finds no reason to delay resolution of this matter to await any reply by Petitioner and GRANTS IN PART the petition.

On July 30, 2026, the Ninth Circuit rendered its ruling in *Rodriguez Vazquez v. Bostock*, holding "that [the mandatory detention regime under 8 U.S.C.] § 1225(b)(2)(A), based on its text and context, is best construed as applying to aliens entering the United States at the border[]" and that the discretionary detention regime under "Section 1226, by contrast, is best understood as governing inadmissible and deportable aliens present in the interior of the United States."  No. C25-6842, 2026 WL 2196424, at *10 (9th Cir. July 30, 2026).  On August 10, 2026, Respondents filed their return.[1]  *See* Dkt. 6.  Notwithstanding the Ninth Circuit's decision, and with no attempt to acknowledge or distinguish it, Respondents assert that Petitioner is "an applicant for admission" under 8 U.S.C. § 1225(a)(1) and therefore "mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A)."[2]  *Id.* at 3–4.

In 2021, Petitioner entered the United States, was apprehended by Border Patrol, and was released on his own recognizance ("OREC") pursuant to Section 236 of the Immigration and Nationality Act, which corresponds to 8 U.S.C. § 1226—the discretionary detention statute.  *See* Dkt. 7 at 2; Dkt. 8-2.  Respondents maintain that Petitioner's "conditional release on OREC" "terminated" in 2024 when removal proceedings were dismissed without prejudice so he could

---

[1] Petitioner's appeal window lapsed that same day, and Respondents indicate Petitioner had not yet filed an appeal when they filed their return.  *See* Dkt. 1-1 at 72; Dkt. 6 at 8.  Exhaustion in this context is a prudential, rather than a jurisdictional, requirement.  *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  Despite the Ninth Circuit's ruling in *Rodriguez Vazquez*, Respondents have apparently continued to maintain their position that Petitioner is mandatorily detained.  The Court accordingly finds exhaustion futile, waives the exhaustion requirement as requested by Petitioner, and reaches the merits of Petitioner's claim.  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004); Dkt. 1 at 5–7.

[2] Counsel for Respondents would be well advised to review the Ninth Circuit's *Rodriguez Vazquez* decision, if she has not yet done so, and to verify that any other returns she has filed on her client's behalf since publication of that decision have a basis in law.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

pursue his asylum claim. *See* Dkt. 6 at 5; Dkt. 1 at 10; Dkt. 1-1 at 42. Petitioner was not then re-detained. The Court takes no position on the substance of that argument but understands Respondents to be asserting by implication that Petitioner's prior interception and release have no continued relevance or bearing on his statutory classification for bond purposes.[3] Petitioner was most recently detained in the interior of the United States (in Utah) on May 20, 2026. *See* Dkt. 8-1 at 3.

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has demonstrated that he was apprehended within the interior of the United States and denied an opportunity to be considered for bond because the IJ deemed him subject to mandatory detention under § 1225 and *Matter of Yajure Hurtado*. The Ninth Circuit has confirmed that individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States are subject to the [discretionary] detention regime of § 1226, not [mandatory detention under] § 1225(b)(2)(A)." *Rodriguez Vazquez*, 2026 WL 2196424, at *3. Petitioner was therefore entitled to meaningful consideration for release on bond.

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243. Here, the IJ did not address the evidence Petitioner prepared in support of his bond request due to an erroneous jurisdictional finding. The Court declines to make dangerousness or flight risk findings in the first instance and ORDERS that Petitioner be afforded a constitutionally compliant bond hearing **within SEVEN (7) days** of this Order or be released. Petitioner's requests for injunctive relief regarding his statutory

---

[3] Petitioner does not bring a re-detention claim, and the Court therefore does not address whether his re-detention complied with due process. *See* Dkt. 1.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

classification have been resolved by the Ninth Circuit's ruling in *Rodriguez Vazquez*.  *See* Dkt. 1 at 25–26.  His request for injunctive relief barring Respondents from re-detaining him again without prior notice and a hearing is not supported by argument addressing the requirements of *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), and is therefore DENIED without prejudice.  *See id.* at 24, 26.

For the foregoing reasons, the Court GRANTS IN PART the habeas petition at Docket No. 1 and ORDERS that Petitioner be provided a constitutionally compliant bond hearing **within SEVEN (7) days** or released.  Petitioner's requests for injunctive relief not resolved by *Rodriguez Vazquez* are DENIED without prejudice.  Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 12th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4