UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS EVENCIO MENDOZA PACHECO,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. C26-2625-SKV

ORDER STRIKING MOTION TO ENFORCE JUDGMENT

On July 24, 2026, Petitioner Luis Evencio Mendoza Pacheco filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking immediate release from custody or a bond hearing pursuant to 8 U.S.C. § 1226. Dkt. 1. Petitioner asserted he was denied due process at a bond hearing in violation of the Fifth Amendment because the Immigration Judge (IJ) erroneously found him subject to 8 U.S.C. § 1225's mandatory detention regime, declined to find jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and declined to make findings in the alternative as to dangerousness or flight risk under 8 U.S.C. § 1226. *See id*.

On August 12, 2026, this Court issued an Order granting Petitioner's petition in part. Dkt. 9. The Court found that the IJ did not address the evidence Petitioner prepared in support of

his bond request due to the erroneous jurisdictional finding, declined to make § 1226 dangerousness or flight risk findings in the first instance, and ordered that Petitioner be afforded a constitutionally compliant bond hearing within seven days of the Order or released. *Id*. at 3-4.

On September 3, 2026, Petitioner filed a motion to enforce this Court's prior Order on the grounds that a bond hearing afforded Petitioner on August 18, 2026, was not constitutionally compliant and therefore contrary to the Court's Order. Dkt. 12. Specifically, Petitioner alleges that the IJ's decision "lacked any individualized, evidence-based determination as due process requires and instead, culminated with an arbitrary conclusion that Petitioner presents a flight risk without any explanation." *Id*. at 1.

While the federal rules authorize the Court to enforce a judgment by ordering the performance of a specific act, *see* Fed. R. Civ. P. 70(a), that authority is triggered "only when a party refuses to comply with [the] judgment." *Rose v. Guyer*, 961 F.3d 1238, 1245 (9th Cir. 2020) (quoting *McCabe v. Arave*, 827 F.2d 634, 639 (9th Cir. 1987)). Here, the Court issued a judgment requiring Respondents to either provide Petitioner with a constitutionally compliant bond hearing or to release him from custody. *See* Dkts. 9-10. The Court's judgment was based on the conclusion that the IJ had erroneously found Petitioner detained pursuant to § 1225 and failed to make the dangerousness or flight risk findings required under § 1226. *See id*. Petitioner now shows that he was provided with a bond hearing under § 1226 on August 18, 2026, and that the IJ denied bond upon finding Petitioner "has not established that he is not a flight risk." Dkt. 13, Ex. J. If Petitioner wishes to challenge the constitutional sufficiency of that bond hearing, he must do so by way of a separate federal habeas petition and not by way of a motion seeking to resurrect this now closed case. *See, e.g., Acosta Villanueva v. Scott,* No. C26-2002-GJL, 2026 WL 2532070, at *2 (W.D. Wash. Aug. 27, 2026); *Hurtado Gomez v. Hernandez*, No. C26-2082-

MLP, 2026 WL 2333370, at *1 (W.D. Wash. Aug. 12, 2026); *Velasquez O v. Ice Field Off.*, No. C26-1403-TMC, 2026 WL 1834287, at *1 (W.D. Wash. June 25, 2026).

Accordingly, the Court ORDERS as follows:

(1) Petitioner's motion to enforce this Court's prior Order, Dkt. 12, is STRICKEN.

(2) The Clerk shall send copies of this Order to all counsel of record.

Dated this 9th day of September, 2026.

S. KATE VAUGHAN
United States Magistrate Judge